**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

**BILLY GHESS**                                                                                     **PLAINTIFF**

**v.**                                           **Case No**.  **2:19-cv-00021 KGB**

**BALEL KAID, YAHYA ALJOMY,
and MAHAMED KAID**                                                         **DEFENDANTS**

**ORDER**

Before the Court is plaintiff Billy Ghess' motion for attorneys' fees (Dkt. No. 27).

Defendants Balel Kaid and Mahamad Kaid ("defendants") filed a response in opposition to the

motion, and Mr. Ghess filed a reply in support of the motion (Dkt. Nos. 31, 33).  For the following

reasons, the Court grants in part and denies in part the motion (Dkt. No. 27).

**I.      Background**

On January 11, 2018, Mr. Ghess filed suit against Parkin Food Mart, LLC, in Case No.

2:18-cv-00011 KGB ("*Ghess v. Parkin Food Mart*") (Dkt. No. 1 in Case No. 2:18-cv-00011).  Mr.

Ghess served the complaint and summons, and Parkin Food Mart, LLC, answered (Dkt. Nos. 2, 4

in Case No. 2:18-cv-00011).  After discovery, Mr. Ghess filed an unopposed motion to dismiss

without prejudice the action, which the Court granted (Dkt. Nos. 13, 14 in Case No. 2:18-cv-

00011).

On February 15, 2019, Mr. Ghess commenced the current action pursuant to the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, and the Arkansas Minimum Wage Act

("AMWA"), Ark. Code Ann. §§ 11-4-201 to 11-4-222, seeking proper minimum and overtime

compensation against individual defendants Balel Kaid, Yahya Aljomy, and Mahamed Kaid in

Case No. 2:19-cv-00021 (Dkt. No. 1).[1]  Balel Kaid and Mahamed Kaid answered the complaint

(Dkt. No. 2).  Although he was served with the complaint and summons personally by a process

server, separate defendant Yahya Aljomy did not answer or otherwise appear to defend in this case

(Dkt. No. 5).

On February 24, 2020, the Court held a bench trial in this matter (Dkt. No. 15).  Defendants

Balel Kaid and Mahamed Kaid appeared at trial, testified, and through their counsel defended

against Mr. Ghess's allegations.  Mr. Ghess also testified at trial.  Mr. Ghess and Balel Kaid and

Mahamed Kaid filed posttrial briefs (Dkt. Nos. 19, 20).  On November 24, 2020, the Clerk of Court

entered a default against Mr. Aljomy (Dkt. No. 24).  On November 27, 2020, this Court made

findings of fact and conclusions of law and entered judgment against defendants in the amount of

$2,658.00 in damages and $2,658.00 in liquidated damages (Dkt. Nos. 25, 26).

## II.      Legal Standard

Under the FLSA, a court "shall, in addition to any judgment awarded to the plaintiff or

plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

29 U.S.C. § 216(b).  The AMWA also contains a mandatory fee-shifting provision.  *See* Ark. Code

Ann. § 11-4-218(a)(1)(B)(ii).  "[A] plaintiff 'prevails' when actual relief on the merits of his claim

materially alters the legal relationship between the parties by modifying the defendant's behavior

in a way that directly benefits the plaintiff."  *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992).

Determining a reasonable award of attorneys' fees is a two-step process.  "The starting

point in determining attorney fees is the lodestar, which is calculated by multiplying the number

of hours reasonably expended by the reasonable hourly rates."  *Fish v. St. Cloud State Univ.*, 295

---

[1]  Docket references that are not otherwise specified indicate citations to docket entries in
Case No. 2:19-cv-00021.

F.3d 849, 851 (8th Cir. 2002) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).   A

reasonable hourly rate is "calculated according to the prevailing market rates in the relevant

community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984).   "When determining reasonable hourly

rates, district courts may rely on their own experience and knowledge of prevailing market rates."

*Bryant v. Jeffrey Sand Co.*, 919 F.3d 520, 529 (8th Cir. 2019) (quoting *Hanig v. Lee*, 415 F.3d 822,

825 (8th Cir. 2005)).   The party seeking an award of fees should "submit adequate documentation

supporting the number of hours claimed," and the court "may deduct hours from this initial number

if counsel's documentation is inadequate."   *Gay v. Saline Cty.*, No. 4:03CV00564 HLJ, 2006 WL

3392443, at *2 (E.D. Ark. Oct. 20, 2006) (citing *Hensley*, 461 U.S. at 433).   Once calculated, the

lodestar amount is presumptively reasonable, *see Pennsylvania v. Del. Valley Citizens' Council

for Clean Air*, 478 U.S. 546, 565 (1986), but may be adjusted upward or downward, as the court

finds necessary based on the facts and circumstances of the particular case, *see Hensley*, 461 U.S.

434.

"Attorney's fees are within the broad discretion of the district court and will not be reversed

absent an abuse of discretion."   *Hanig*, 415 at 825 (citing *Harmon v. City of Kansas City*, 197 F.3d

321, 329 (8th Cir. 1999)).

**III.     Discussion**

Mr. Ghess requests $18,616.25 in attorneys' fees and $616.33 in costs for a total requested

award of $19,232.58.   In support of his motion, Mr. Ghess has submitted a spreadsheet of billing

records documenting the time spent by his counsel, the billing rates for these attorneys, and the

costs associated with litigating this matter (Dkt. Nos. 27-1, 27-3), as well as a declaration of

attorney Josh Sanford, lead counsel in this case (Dkt. No. 27-2).   The billing spreadsheet reflects

that Mr. Ghess' counsel, all members of the Sanford Law Firm, PLLC ("SLF"), spent 126.5 hours

on *Ghess v. Parkin Food Mart* and this case, totaling $26,973.50 in attorneys' fees (Dkt. No. 27-1, at 21). Mr. Ghess seeks compensation for 89.85 of these hours, totaling $18,616.25 in attorneys' fees, which is approximately a 30.98 percent reduction (*Id.*).

Mr. Ghess asks the Court to award attorneys' fees as follows: (1) $2,876.25 for Mr. Sanford, representing 8.85 hours at a rate of $325.00 per hour; (2) $17.50 for an unnamed law clerk, representing 0.7 hours at a rate of $25.00 per hour; (3) $7,227.50 for Sean Short, representing 41.3 hours at a rate of $175.00 per hour; (4) $35.00 for unnamed staff, representing 1.4 hours of work at a rate of $25.00 per hour; (5) $5,670.00 for Steve Rauls, representing 25.2 hours of work at a rate of $225.00 per hour; and (6) $2,790.00 for Vanessa Kinney, representing 12.4 hours of work at a rate of $225.00 per hour (Dkt. No. 28, at 11).

Defendants do not dispute that Mr. Ghess is entitled to reasonable attorneys' fees (Dkt. No. 32, at 1). However, defendants object to the reasonableness of the time spent and rates billed for work in this case (*Id.*, at 2–3). Defendants also argue that Mr. Ghess should not recover for work billed in *Ghess v. Parkin Food Mart* because, defendants argue, Mr. Ghess was not the prevailing party in that case (*Id.*, at 4–5).

As an initial matter, this Court must determine the extent to which Mr. Ghess is a prevailing party. As noted above, "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar*, 506 U.S. at 111–12. It is undisputed that Mr. Ghess is the prevailing party in the instant action. However, in *Ghess v. Parkin Food Mart*, Mr. Ghess filed an unopposed motion to dismiss without prejudice the action, which the Court granted (Dkt. Nos. 13, 14 in Case No. 2:18-cv-00011). Mr. Ghess obtained no actual relief on the merits in *Ghess v. Parkin Food Mart*. Accordingly, the Court concludes that Mr. Ghess was not a

4

prevailing party in *Ghess v. Parkin Food Mart* and is therefore not entitled to recover attorneys'

fees associated with that action.

Mr. Ghess argues in reply that SLF's work in *Ghess v. Parkin Food Mart* benefited the

claims on which he ultimately prevailed (Dkt. No. 33, at 7). Mr. Ghess further argues that SLF

has already made a good-faith effort to deduct charges that did not advance the case against the

individual defendants (*Id.*). Finally, Mr. Ghess argues that common sense supports his claim to

fees from *Ghess v. Parkin Food Mart* because "the work didn't go away or lose its value because

he had to start a new lawsuit over the same claims." (*Id.*).

Mr. Ghess does not identify specific ways in which SLF's work in *Ghess v. Parkin Food*

*Mart* benefited the work in this case, nor does Mr. Ghess detail how SLF determined which entries

would be deducted from the time apparently billed in *Ghess v. Parkin Food Mart*. On review of

the billing records, the Court identifies 68 claimed entries apparently associated with work

performed in *Ghess v. Parkin Food Mart*, totaling approximately 18.05 claimed hours and

$3,113.75 in claimed fees (Dkt. No. 27-1, at 1–10). However, the Court is unable to determine

whether SLF's work in *Ghess v. Parkin Food Mart* prior to the initiation of this action actually

benefited Mr. Ghess' claims in the current action or whether that work duplicated work performed

in this action. For example, attorneys at SLF appear to have spent approximately 3.6 hours of

claimed time drafting and editing the complaint, civil cover sheet, and summons in *Ghess v. Parkin*

*Food Mart*, compared to approximately 3 hours of claimed time drafting and editing the complaint,

civil cover sheet, and summonses in this action, based on the category labelled

"Complaint/Summons/Service" on SLF's billing spreadsheet (Dkt. No. 27-1, at 1–10). The

complaints in both cases are substantially similar. Mr. Ghess' pretrial disclosure sheets and pretrial

briefs are also substantially similar in both *Ghess v. Parkin Food Mart* and this case, yet SLF

attorneys spent approximately 1.35 claimed hours and 2.5 claimed hours drafting and editing the documents in either case, respectively.  Further, it is not clear to the Court how, for instance, work described as "[p]reparation and drafting of Settlement Demand Letter" several months prior to the initiation of this action benefited Mr. Ghess' claims in this action which proceeded to trial (Dkt. No. 27-1, at 5).  There are numerous other entries on SLF's billing spreadsheet which did not clearly benefit Mr. Ghess' claims in this action, and there is no clear way for this Court to parse the records to determine which entries, if any, benefited Mr. Ghess' claims in this action. Accordingly, the Court concludes that the claimed fees apparently associated with SLF's work in *Ghess v. Parkin Food Mart* prior to the initiation of this action should be excluded from the award. The Court deducts from Mr. Ghess' claimed amount of $18,616.25 the claimed fees of $3,113.75 for work apparently performed in *Ghess v. Parkin Food Mart*, for a difference of $15,502.50 in claimed fees related to SLF's work on this case.

Defendants also take issue with the number of hours SLF billed for various tasks throughout the litigation, including 12.4 hours claimed for the instant fee petition (Dkt. No. 32, at 3).  SLF billed 15.9 hours in actual time, deducted to 12.4 hours in claimed time, in a category labelled "Fee Petition."  The billing spreadsheet reflects that Ms. Kinney performed all of the work in this category at an hourly rate of $225.00, totaling $2,790.00 in fees (Dkt. No. 27-1, at 21).  This Court has specifically found in a prior case that it was unreasonable for SLF "to bill 10.3 hours, or about 15 percent of all hours claimed, for compiling and editing the compensable time and drafting the fee petition and supporting documentation," where "much of this work was secretarial in nature and should not have been billed at lawyers' rates." *Smith v. Om Purshantam, LLC*, Case No. 4:18-cv-00797-KGB, 2021 WL 1230468, at *5 (E.D. Ark. Mar. 31, 2021).  Here, SLF claims 12.4 hours, or about 14 percent of all hours claimed, for compiling and editing the compensable time

and drafting the fee petition.  The billing spreadsheet contains entries reading, among other things, "Set up billing spreadsheet and categorize entries," "work with billing spreadsheet data," and "work on billing spreadsheet to make [further] reductions" (Dkt. No. 27-1, at 21).  The billing spreadsheet also contains entries such as "work on fee petition briefing" and "work on fee petition and conduct additional research" (*Id.*).  The brief in support of plaintiff's motion for costs and attorneys' fees in this case is almost identical to the brief filed in *Smith* (Dkt. No. 32 in Case No. 4:18-cv-00797).  As in *Smith*, the Court concludes that the time and hourly rate claimed for work on the fee petition is unreasonable and that much of this work should not have been billed at a lawyer's rate.  The Court recognizes that Mr. Sanford in his declaration represents that the 12.4 hours claimed for the fee petition includes a deduction of 22.01 percent from the actual time of 15.9 hours (Dkt. No. 27-2, at 9).  Accordingly, the Court reduces the claimed fees of $2,790.00 by an additional 75 percent.  The Court therefore reduces the $15,502.50 award by an additional $2,092.50, for a difference of $13,410.00.

Defendants further argue that Mr. Ghess' requested fees are unreasonable and refer to *Vines v. Welspun Pipes, Inc.*, 4:18-CV-00509-BRW, 2020 WL 3062384 (E.D. Ark. June 9, 2020) (*Id.*, at 2).  In *Vines*, the Court found that the claimed hourly rates of certain SLF attorneys were unreasonable and that hourly rates of $250.00, $175.00, and $150.00 were reasonable for SLF attorneys based on their level of experience.  *Id.* at *4.  This Court has also recently discussed SLF's billing rates and practices.  *See Smith*, 2021 WL 1230468, at *3–*5.  In *Smith*, this Court observed that billing rates of $325.00 and $225.00 per hour are high for the community when considering the percent increase over time and the complexity of the case.  *Id.* at *3.  The Court therefore found that those rates do not reflect a reasonable hourly rate and reduced the fee award accordingly.  *Id.*  The Court further observed that "Mr. Sanford's request for $325.00 per hour has

7

repeatedly been rejected by judges in both the Eastern and Western Districts of Arkansas." *Id.* (collecting cases).

In this case, Mr. Sanford claims a rate of $325.00 for a total amount of $2,876.25, Mr. Rauls claims a rate of $225.00 for a total amount of $5,670.00, Mr. Short claims a rate of $175.00 for a total amount of $7,227.50, and Ms. Kinney claims a rate of $225.00 for a total amount of $2,790.00 (Dkt. No. 27-2, at 5–6). As in *Smith* and *Vines*, the Court concludes that the claimed rates of Mr. Sanford, Mr. Rauls, and Ms. Kinney are unreasonably high. As explained above, the Court has reduced the award for Ms. Kinney's work on the fee petition to account for unreasonable billing. The Court has also excluded the time spent on work in *Ghess v. Parkin Food Mart*, including 3.55 hours of Mr. Sanford's time, totaling $1,135.75, and 3 hours of Mr. Rauls' time, totaling $675.00. After excluding the time billed in *Ghess v. Parkin Food Mart*, Mr. Sanford's claim amounts to 5.3 hours at $325.00 per hour, totaling $1,722.50; Mr. Rauls' claim amounts to 22.2 hours at $225.00 per hour, totaling $4,995.00. Based on its experience and knowledge of the local market, the Court reduces each of these totals by 25 percent to better reflect reasonable market rates. Accordingly, the Court reduces Mr. Sanford's total fee by $430.63 and Mr. Rauls' total fee by $1,248.75, totaling a reduction of $1,679.38. The Court reduces the $13,410.00 award by $1,679.38, for a difference of $11,730.62.

Additionally, the Court will exclude from the fee award the amounts claimed by the two unnamed non-lawyer timekeepers, totaling $52.50. *See Beauford v. ActionLink, LLC*, No. 4:12CV00139 JLH, 2014 WL 183904, at *4 (E.D. Ark. Jan. 15, 2014) ("Secretaries' salaries come within a firm's overhead. Secretarial work on a case should not be billed to a client, nor to an opposing party in a fee-shifting case." (citation and internal quotation marks omitted)). The Court reduces the $11,730.62 award by $52.50, for a difference of $11,678.12.

8

Finally, the Court recognizes that SLF's work in this case involved several contested issues and included pretrial briefing, a bench trial with three witnesses, and posttrial briefing.  SLF achieved a favorable outcome for Mr. Ghess.  SLF submitted a fee petition and billing spreadsheet which included some discretionary billing reductions.  In the light of SLF's reductions and the additional reductions detailed throughout this Order, the Court concludes that Mr. Sanford, Mr. Short, Mr. Rauls, and Ms. Kinney reasonably spent approximately 65–70 hours litigating this case and reasonably incurred a total of $11,678.12 in fees.

In summary, Mr. Ghess represents that SLF incurred $26,973.50 in attorneys' fees, which SLF reduced to $18,616.25 after exercising billing discretion (Dkt. No. 27-2, at 5–6).  The Court concludes that Mr. Ghess is not entitled to fees associated with work in *Ghess v. Parkin Food Mart* and reduces the award by $3,113.75 to $15,502.50.  The Court further concludes that SLF unreasonably billed for some work on the fee petition and reduces the award by $2,092.50 to $13,410.00.  The Court further concludes that Mr. Sanford and Mr. Rauls billed at unreasonably high rates and reduces the award by $1,679.38, for a difference of $11,730.62.  The Court also excludes the fees charged by non-lawyer timekeepers and reduces the award by $52.50 for a final fee award of $11,678.12.  Accordingly, the Court awards Mr. Ghess $11,678.12 in attorneys' fees and $616.33 in costs, for a total award of $12,294.45.

## IV.    Conclusion

For the foregoing reasons, the Court grants in part and denies in part Mr. Ghess' motion for attorneys' fees and costs (Dkt. No. 27) and approves attorneys' fees in the amount of $11,678.12 and costs in the amount of $616.33, for a total award of $12,294.45.

It is so ordered this 31st day of August, 2021.

_____
Kristine G. Baker
United States District Judge